# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| v. | : | CRIM. ACT. NO. 1:19-cr-156-TFM-MU |
| DEVONTAE MOORER, | : | |
| Defendant. | : | |

## MEMORANDUM OPINION AND ORDER

The Grand Jury for the Southern District of Alabama indicted the defendant, Devontae Moorer ("Devontae Moorer" or "Defendant"), on August 29, 2019. The Superseding Indictment charged Defendant with two (2) counts for possession of crack cocaine with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime. *See* Doc. 21. Pending before the Court is Defendant Devontae Moorer's *Motion to Suppress* (Doc. 24, filed September 3, 2019) and the United States' *Response in Opposition to Defendant's Motion to Suppress* (Doc. 30, filed September 11, 2019).

On September 24, 2019, the Court held an evidentiary hearing, at the conclusion of which Defendant was provided an opportunity to supplement his motion. *See* Doc. 25. However, Defendant did not file such a supplement. *See* Docket Sheet. Based on the evidence presented to the Court, the arguments of the parties, and for the reasons set forth herein and contained in the Government's Response in Opposition to Defendant's Motion to Suppress (Doc. 3), Defendant's Motion to Suppress is **DENIED**.

## I. FACTUAL BACKGROUND

On July 12, 2018, as part of a joint operation between federal and local law enforcement, officers patrolling in the area of St. Stephens Road observed a red Dodge Challenger make a right

turn from St. Stephens Road and fail to signal the turn. The vehicle made a subsequent turn and again failed to signal. The officers requested local patrol to stop the vehicle. The vehicle stopped at 2111 Margie Street.

Chickasaw Detective Marquis Parsons approached the vehicle on the driver's side, and observed Defendant seated in the vehicle behind the wheel and an AR-type weapon on the driver's side of the vehicle. Detective Parsons announced he observed a weapon, drew his weapon, commanded the vehicle occupants show their hands, and then commanded the occupants exit the vehicle. When the two (2) occupants of the vehicle exited, Detective Parsons detected the smell of marijuana. The officers on the scene obtained identifying information from each of the vehicle occupants and ran their information through law enforcement databases. The vehicle passenger was identified as Joshua Moorer, Defendant's brother, who was found to have outstanding arrest warrants. The AR-15 weapon was also run through law enforcement databases, which indicated the weapon was reported as stolen. It later became known Defendant reported the weapon as stolen. Defendant told the officers the AR-15 weapon was his gun and he had paperwork for it. However, both Devontae and Joshua Moorer were handcuffed and arrested. The officers on the scene searched the vehicle, within which they found another gun, a Glock 27 pistol, and a bag of crack cocaine.

## II.     DISCUSSION AND ANALYSIS

**A.     Standing**

It is well established that for a defendant to move to suppress evidence, he must have standing. *See United States v. Eyster*, 948 F.2d 1196, 1208-09 (11th Cir. 1991) (analyzing the defendant's standing to bring motion to suppress). A defendant has the burden of showing standing under the Fourth Amendment. *See United States v. Brazel*, 102 F.3d 1120, 1147 (11th Cir. 1997)

(citing *United States v. Baron-Mantilla*, 743 F.2d 868, 870 (11th Cir. 1984)) (stating, in a motion to suppress context, it is the defendant's burden to show a "legitimate expection of privacy " in the area searched). To claim the protection of the Fourth Amendment, an individual must have a "legitimate expectation of privacy in the invaded place." *Rakas v. Illinois*, 439 U.S. 128, 143, 99 S. Ct. 421, 430, 58 L. Ed. 2d 387 (1978) (citing *Katz v. United States*, 389 U.S. 347, 353, 88 S. Ct. 507, 512, 19 L. Ed. 2d 576 (1967)). A defendant's expectation of privacy must be "personal[]" and "reasonable," and it must have "a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society." *Minnesota v. Carter*, 525 U.S. 83, 88, 119 S. Ct. 469, 472, 142 L. Ed. 2d 373 (1998) (citations and internal quotation marks omitted). That said, "[s]tanding does not require an ownership interest in the invaded area." *United States v. Hernandez*, 647 F.3d 216, 219 (5th Cir. 2011) (noting that the Supreme Court has recognized that an overnight guest in a home has a legitimate expectation of privacy in that home).

An individual has standing to challenge a search if "(1) he has a subjective expectation of privacy, and (2) society is prepared to recognize that expectation as objectively reasonable." *United States v. Harris*, 526 F.3d 1334, 1338 (11th Cir. 2008) (citing *United States v. Segura-Baltazar*, 448 F.3d 1281, 1286 (11th Cir. 2006)). Courts assess on a case-by-case basis the standing of a particular person to challenge an intrusion by government officials into an area over which that person lacked primary control. *Oliver v. United States*, 466 U.S. 170, 191 n. 13, 104 S. Ct. 1735, 80 L. Ed. 2d 214 (1984). Moreover, the Eleventh Circuit has held that where a defendant is neither the owner nor the lessee of the place searched, in order to contest a search, he must "demonstrate a significant and current interest in the property at the time it was searched."

*United States v. Miller*, 387 F. App'x 949, 951 (11th Cir. 2010) (citation and internal quotation marks omitted).

Here, neither party contests the vehicle that was searched was owned by Defendant. Therefore, Defendant had a legitimate expectation of privacy in the vehicle.

**B.      The Stop**

Defendant argues the officers did not have probable cause to stop him in his vehicle and takes exception with the actions of the officers that they performed as part of the stop. Doc. 24 at 2-5. Law enforcement "may stop a vehicle when there is probable cause to believe that the driver is violating any one of the multitude of applicable traffic and equipment regulations relating to the operation of motor vehicles." *United States v. Strickland*, 902 F.2d 937, 940 (11th Cir. 1990) (internal quotation marks, internal ellipses, and citation omitted). The officers at the hearing testified Defendant was pulled over for failure to signal a turn, which is a traffic violation that can be found at Ala. Code § 32-5A-134.[1] Therefore, the Court finds there was probable cause to stop Defendant in his vehicle.

> It is well established that officers conducting a traffic stop may "take such steps as [are] reasonably necessary to protect their personal safety." *United States v. Hensley*, 469 U.S. 221, 235, 105 S. Ct. 675, 83 L. Ed. 2d 604 (1985). This includes conducting a protective search of the driver, *Pennsylvania v. Mimms*, 434 U.S. 106, 111, 112, 98 S. Ct. 330, 54 L. Ed. 2d 331 (1977), the passengers, *id.*, and the vehicle, *Michigan v. Long*, 463 U.S. 1032, 1049-51, 103 S. Ct. 3469, 77 L. Ed. 2d 1201

---

[1]   (a) Any stop or turn signal when required herein shall be given either by means of the hand and arm or by signal lamps, except as otherwise provided in subsection (b).
(b) Any motor vehicle in use on a highway shall be equipped with, and the required signal shall be given by, signal lamps when the distance from the center of the top of the steering post to the left outside limit of the body, cab, or load of such motor vehicle exceeds 24 inches, or when the distance from the center of the top of the steering post to the rear limit of the body or load thereof exceeds 14 feet. The latter measurement shall apply to any single vehicle, also to any combination of vehicles.

ALA. CODE § 32-5A-134.

(1983). The officer may seize any contraband, including weapons, in plain view. *Id.* at 1049, 103 S. Ct. 3469. . . . The officer may also prolong the detention to investigate the driver's license and the vehicle registration, [*Delaware v.*] *Prouse*, 440 U.S. [648,] 657-59, 99 S. Ct. 1391 [, 59 L. Ed. 2d 660 (1979)], and may do so by requesting a computer check. *United States v. Simmons*, 172 F.3d 775, 778 (11th Cir. 1999); [*United States v.*] *Pruitt*, 174 F.3d [1215,] 1219 [(11th Cir. 1999)]; *see also United States v. Hunnicutt*, 135 F.3d 1345, 1349 (10th Cir. 1998); *Foote v. Dunagan*, 33 F.3d 445, 448-50 (4th Cir. 1994); *United States v. Shabazz*, 993 F.2d 431, 437 (5th Cir. 1993); *McFadden v. United States*, 814 F.2d 144, 147 (3d Cir. 1987).

*United States v. Purcell*, 236 F.3d 1274, 1277-78 (11th Cir. 2001). A police officer may also, as a matter of course, order the driver and a passenger of a lawfully stopped vehicle to exit the vehicle. *Maryland v. Wilson*, 519 U.S. 408, 410, 117 S. Ct. 882, 884, 137 L. Ed. 2d 41 (1997). Further, "the use of guns in connection with a stop is permissible where the police reasonably believe they are necessary for their protection." *Courson v. McMillian*, 939 F.2d 1479, 1494 (11th Cir. 1991) (internal quotation marks and citations omitted).

In this case, the Court finds the officers acted reasonably when, after Detective Parsons observed a firearm within reach of Defendant, they drew their weapons and ordered Defendant and Joshua Moorer to exit the vehicle. Further, the Court finds the fact that both identifications were run through law enforcement databases was reasonable as part of the traffic stop.

**B.     The Search**

Defendant argues the warrantless search of his vehicle violated the Fourth Amendment. Doc. 24 at 6-8.

"The smell of burnt marijuana emanating from a vehicle is probable cause to search a vehicle." *Merricks v. Adkisson*, 785 F.3d 554, 560 n.3 (11th Cir. 2015). Therefore, the Court finds the search of the vehicle reasonable because the officers had probable cause to search based on the odor of marijuana that emanated from the vehicle.

**C.     The Arrest**

Defendant argues his warrantless arrest violated the Fourth Amendment.  Doc. 24 at 6-8.

Since the Court has already found the officers had probable cause to search the vehicle, in which was found guns and crack cocaine, and one of those guns was reported stolen, the Court finds there was probable cause to arrest Defendant.

### III.     CONCLUSION

Based on the foregoing analysis, Defendant Devontae Moorer's Motion to Suppress is hereby **DENIED**.

**DONE** and **ORDERED** this 7th day of October 2019.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE